UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VERITEXT CORP. | * | CIVIL ACTION NO. 2:16-CV-13903 |
| Plaintiff, | | |
| | * | SECTION "B" – DIVISION 2 |
| VERSUS | | |
| | * | JUDGE IVAN L.R. LEMELLE |
| PAUL A. BONIN, et al., | | |
| Defendants. | * | MAGISTRATE JUDGE JOSEPH C. WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF
JUDGMENT ON MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES
<u>UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)</u>**

Defendants PAUL A. BONIN, KIMYA H. HOLMES, LAURA PUTNAM, JOHN H. ANDRESSEN, VINCENT P. BORRELLO, JR., MILTON DONEGAN, JR., SUZETTE MAGEE, MAY F. DUNN, and ELIZABETH C. METHVIN, in their official capacities as members of the Louisiana Board of Examiners of Certified Shorthand Reporters, and JOHN H. ANDRESSEN, VINCENT P. BORRELLO, JR., MILTON DONEGAN, JR., SUZETTE MAGEE, MAY F. DUNN, and ELIZABETH C. METHVIN, in their individual capacities, (collectively "Defendants") move this Court to reconsider their Motion to Dismiss Amended Complaint for Declaratory Relief, Injunctive Relief, and Damages Under Federal Rule of Civil Procedure 12(b)(6) [Rec. Doc. 22] (the "Motion to Dismiss") and to modify the Court's April 17, 2017 Order and Reasons [Rec. Doc. 44] (the "Order"), dismissing or limiting the Sherman Act claims asserted by VERITEXT CORP. ("Veritext") in the Amended Complaint for Declaratory Relief, Injunctive Relief, and Damages Under Federal Rule of Civil Procedure 12(b)(6) (the "Amended Complaint").

After upholding the constitutionality of Louisiana Code of Civil Procedure article 1434 and dismissing Veritext's claims under the Due Process, Equal Protection, and Commerce clauses,

this Court's Order permitted Veritext to proceed with its claims under the Sherman Act based upon Veritext's explicit but legally flawed allegation that "***Article 1434*** has had … anticompetitive effect[s]." *See* Order [Rec. Doc. 44], p. 12 (emphasis added).  Under principles set forth in *Parker v. Brown*, 317 U.S. 341 (1943), and this Court's holdings in its Order and Reasons, Article 1434 cannot be the source of anticompetitive effects because Congress never intended the Sherman Act to limit states in their sovereign ability to enact laws.  Defendants respectfully request that this Court reconsider the Motion to Dismiss and the Order and dismiss Veritext's Sherman Act claims to the extent Veritext seeks to base these claims upon Article 1434 or the enforcement of Article 1434 and expressly limit Veritext's claim of anticompetitive harm, if any, to harm allegedly caused by Defendants' separate and independent actions for the following reasons:

- The United States Supreme Court held in *Parker v. Brown*, 317 U.S. 341 (1943), that it was ***not*** the purpose of the Sherman Act "to restrain a state ***or its officers or agents*** from activities ***directed*** by its legislature." *Parker*, 317 U.S. at 350-51 (emphasis added).  This Court has held the state law in question, Article 1434, to be constitutional; the Sherman Act affords no basis for litigants to prevent state agencies from enforcing a constitutionally valid law.

- An even more recent expression of Supreme Court jurisprudence makes clear that "State legislation . . . *ipso facto* [is] exempt from the operation of the antitrust laws because [it is] an undoubted exercise of state sovereign authority." *N.C. State Bd. of Dental Exam'rs v. F.T.C.*, 135 S. Ct. 1101, 1110 (2015).  Alleging that Article 1434—a state law—caused the allegedly anticompetitive effects asserted in Veritext's Amended Complaint simply cannot give rise to an antitrust claim.

- To state a Sherman Act claim, "the plaintiff must show that 'the ***defendants' activities*** caused an injury to competition.'" *See* Order [Rec. Doc. 44] at p. 10 (emphasis added). Article 1434's allegedly anticompetitive effects take place by operation of law and cannot be ascribed to any "activities" by Defendants. Thus, Veritext's efforts to establish an essential element of its Sherman Act claims must be narrowly confined to "the defendants' activities" and *may not invoke any alleged anticompetitive effects attributable to Article 1434*.

Accordingly, Defendants respectfully ask that this Court grant this Motion, reconsider Defendants' Motion to Dismiss, and modify the Order to dismiss the Sherman Act claims to the extent they rely upon Article 1434 to supply the element of anticompetitive harm and narrow what Veritext must prove in the Amended Complaint to the alleged anticompetitive effects of Defendants' activities.

Respectfully submitted,

  /s/ James M. Garner
JAMES M. GARNER (# 19589), T.A.
DAVID A. MARCELLO (# 09250)
JOSHUA S. FORCE (# 21975)
BRANDON W. KEAY (# 36528)
STEPHANIE E. HOLDEN (# 36500)
**SHER GARNER CAHILL RICHTER
    KLEIN & HILBERT, L.L.C.**
909 Poydras Street, 28th Floor
New Orleans, Louisiana  70112-1033
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
E-Mail: jgarner@shergarner.com
dmarcello@shergarner.com
jforce@shergarner.com
bkeay@shergarner.com
sholden@shergarner.com

– and –

JEFF LANDRY
ATTORNEY GENERAL

By: J. ELLIOTT BAKER (# 18774)
    Special Assistant Attorney General

321 N. Vermont Street, Suite 208
Covington, Louisiana 70433
Telephone:    985-867-9068
Facsimile:    985-867-9069
E-Mail:    jebaker102@bellsouth.net

Attorneys for Defendants
PAUL A. BONIN, KIMYA H. HOLMES, LAURA PUTNAM, JOHN H. ANDRESSEN, VINCENT P. BORRELLO, JR., MILTON DONEGAN, JR., SUZETTE MAGEE, MAY F. DUNN, and ELIZABETH C. METHVIN

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that, on May 4, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record who have registered to receive electronic service, and I effected service upon all other counsel of record via United States Mail, postage prepaid and properly addressed.

    /s/ James M. Garner
    JAMES M. GARNER