UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VERITEXT CORP. | * | CIVIL ACTION NO. 2:16-CV-13903 |
| Plaintiff, | | |
| | * | SECTION "B" – DIVISION 2 |
| VERSUS | | |
| | * | JUDGE IVAN L.R. LEMELLE |
| PAUL A. BONIN, et al., | | |
| Defendants. | * | MAGISTRATE JUDGE JOSEPH C. WILKINSON |

* * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL
RECONSIDERATION OF JUDGMENT ON MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF,
AND DAMAGES UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

**MAY IT PLEASE THE COURT:**

Defendants PAUL A. BONIN, KIMYA H. HOLMES, LAURA PUTNAM, JOHN H.

ANDRESSEN, VINCENT P. BORRELLO, JR., MILTON DONEGAN, JR., SUZETTE MAGEE,

MAY F. DUNN, and ELIZABETH C. METHVIN, in their official capacities as members of the

Louisiana Board of Examiners of Certified Shorthand Reporters, and JOHN H. ANDRESSEN,

VINCENT P. BORRELLO, JR., MILTON DONEGAN, JR., SUZETTE MAGEE, MAY F.

DUNN, and ELIZABETH C. METHVIN, in their individual capacities, (collectively

"Defendants") submit this Memorandum in Support of their Motion for Partial Reconsideration of

Judgment on Motion to Dismiss Plaintiff's Amended Complaint for Declaratory Relief, Injunctive

Relief, and Damages Under Federal Rule of Civil Procedure 12(b)(6).

After Defendants filed their Motion to Dismiss Amended Complaint for Declaratory

Relief, Injunctive Relief, and Damages Under Federal Rule of Civil Procedure 12(b)(6) [Rec. Doc.

22] (the "Motion to Dismiss"), this Court dismissed all three of the claims asserted by Plaintiff

VERITEXT CORP ("Veritext") that sought to declare Louisiana Code of Civil Procedure article 1434 unconstitutional.

This Court's Order permitted Veritext to proceed with its claims under the Sherman Act, however, based upon Veritext's explicit but legally flawed allegation that "*Article 1434* has had … anticompetitive effect[s]."  *See* Order and Reasons [Rec. Doc. 44], p. 12 (the "Order") (emphasis added).  Under principles set forth in *Parker v. Brown*, 317 U.S. 341 (1943), and this Court's holdings in its Order and Reasons, Article 1434 cannot be the source of anticompetitive effects because Congress never intended the Sherman Act to limit states in their sovereign ability to enact laws.  Defendants respectfully request, therefore, that this Court reconsider the Motion to Dismiss and modify the Order to dismiss or limit the Sherman Act claims in Veritext's Amended Complaint for Declaratory Relief, Injunctive Relief, and Damages (the "Amended Complaint") for the following reasons:

- The United States Supreme Court in *Parker* held that it was ***not*** the purpose of the Sherman Act "to restrain a state ***or its officers or agents*** from activities ***directed*** by its legislature."  *Parker*, 317 U.S. at 350-51 (emphasis added).  This Court has held the state law in question, Article 1434, to be constitutional; the Sherman Act affords no basis for litigants to prevent state agencies from enforcing a constitutionally valid law.

- An even more recent expression of Supreme Court jurisprudence makes clear that "State legislation . . . *ipso facto* [is] exempt from the operation of the antitrust laws because [it is] an undoubted exercise of state sovereign authority."  *N.C. State Bd. of Dental Exam'rs v. F.T.C.*, 135 S. Ct. 1101, 1110 (2015).  Alleging that Article

1434—a state law—caused the allegedly anticompetitive effects asserted in Veritext's Amended Complaint simply cannot give rise to an antitrust claim.

- To state a Sherman Act claim, "the plaintiff must show that 'the ***defendants' activities*** caused an injury to competition.'" *See* Order [Rec. Doc. 44] at p. 10 (emphasis added). Article 1434's allegedly anticompetitive effects take place by operation of law and cannot be ascribed to any "activities" by Defendants. Thus, Veritext's efforts to establish an essential element of its Sherman Act claims must be narrowly confined to "the defendants' activities" and *may not invoke any alleged anticompetitive effects attributable to Article 1434*.

## BACKGROUND

Of the four different claims Veritext asserted against Defendants, three were dismissed by this Court's Order on April 17, 2017. *See* Order [Rec. Doc. 44] at pp. 1-10. Louisiana Code of Civil Procedure article 1434 ("Article 1434"), which prohibits certified court reporters from having contractual relationships with party litigants, has now been upheld as constitutional by this Court under the Due Process, Equal Protection, and Commerce clauses of the U.S. Constitution.

The Court's Order denied Defendants' Motion to Dismiss Veritext's fourth claim, which seeks injunctive relief and damages under the Sherman Act. *See id.*, at pp. 10-14. The Order found that Veritext sufficiently pleaded the three requirements for a Sherman Act claim: (1) conspiracy; (2) unreasonable restraint; and (3) harm to competition. *See id.*, at pp. 11-12. The first two elements were sufficiently pleaded, this Court found, because the Amended Complaint alleged that Defendants "conspired among themselves" and "established committees and working groups" for the purpose of excluding "national competition" and to raise rates "for court reporting services in Louisiana." *Id.*

3

The third required element of a Sherman Act claim, however—the anticompetitive harm alleged by Veritext—did *not* allegedly result from alleged activities by Defendants; according to the Order, Veritext alleged that *the harm arose from Article 1434*:

> Finally, the complaint sufficiently alleges harm to competition, the final element of a Sherman act claim. In the Amended Complaint the ***Plaintiff alleges that Article 1434 "has had the anticompetitive effect*** of raising court reporting rates in Louisiana which are higher than the rates charged in many other states with higher costs of living and has denied consumers access to the non-price advantages of working with national and regional court reporting firms." (Rec. Doc. 4 ¶ 37.)

*Id.* at p. 12 (emphasis added). Veritext claims that Article 1434 (an act of the Legislature) caused the supposed anticompetitive injury, but *anticompetitive effects deriving from a state law such as Article 1434 cannot be the basis for a Sherman Act violation* because of state action immunity principles set forth in *Parker v. Brown*, 317 U.S. 341 (1943). This Court should reject Veritext's allegation that the Sherman Act is violated when anticompetitive harm is caused by a state law. *See* Order [Rec. Doc. 44] at pp. 12-14. Defendants respectfully request that the Court reconsider this particular aspect of its ruling, modify the Order, and dismiss some or all of Veritext's Sherman Act claims.

## LAW AND ARGUMENT

### I.   Standard of Review on Motion for Reconsideration under Rule 54(b).

The Federal Rules "do not recognize a 'motion for reconsideration' in *haec verba*," but both this Court and the Fifth Circuit have consistently recognized that parties may effectively seek reconsideration of a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b). *See, e.g.*, *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F. 2d 167, 173 (5th Cir. 1990); *Lightfoot v. Fire Ins. Co.*, No. 4833, 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010). Federal Rule of Civil Procedure 54(b) provides that when an order adjudicates

fewer than all of the claims among the parties, it "may be revised at any time before the entry of a judgment adjudicating all of the claims and all of the parties' rights and liabilities."  Rule 54(b) thus confers upon a district court the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *Melancon v. Texaco, Inc.*, 659 F. 2d 551, 553 (5th Cir. 1981).

Courts often evaluate Rule 54(b) motions for reconsideration under the same standard used to evaluate a motion to alter or amend a final judgment pursuant to Federal Rule of Civil Procedure 59(e) even though the "exact standard applicable to the granting of a motion under Rule 54(b) is not clear."  *See*, *e.g.*, *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002); *Hearne v. Kansas City S. R. Co.*, No. 5:14CV3185, 2015 WL 5708291, at *2–3 (W.D. La. Sept. 28, 2015) (citing *Castrillo,* 2010 WL 1424398 at *3–4); *In re Katrina Canal Breaches,* 2009 WL 1046016, at * 2 (E.D. La. Apr. 16, 2009); *Leong v. Cellco P'ship,* 2013 WL 4009320, at *3 (W.D. La. July 31, 2013).  A Rule 59(e) motion "calls into question the correctness of a judgment."  *Templet v. HydroChem Inc.,* 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002)).  The motion is not limited only to the correction of "manifest errors of law or fact."  *Templet*, 367 F.3d at 478-79 (citing *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir.1989)).  A Court may also "reconsider its ruling 'for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"  *Hearne*, No. 5:14-cv-3185, 2015 WL 5708291, at *2-3 (citing *Brown v. Wichita Cty., Tex.,* 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011) (citing *Lavespere,* 910 F.2d at 185)).  When applied to a Rule 54(b) motion, the standard is even "less exacting" than under 59(e) because of the district court's "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to

be sufficient." *Hearne*, No. 5:14-cv-3185, 2015 WL 5708291, at *2-3 (citing *Melancon*, 659 F.2d at 553).

## II. Article 1434—an Act of the Louisiana Legislature—Cannot Serve as the Basis for Veritext's Sherman Act Claims under *Parker*.

Any alleged harm caused by Article 1434 cannot possibly serve as the basis for Veritext's Sherman Act claims. As the Supreme Court held in *Parker*, "nothing in the language of the Sherman Act or in its history . . . suggests that its purpose was to restrain a state or its officers or agents from activities directed by its legislature." 317 U.S. at 350-51. Thus, according to long-standing precedent and in accordance with the most recent Supreme Court jurisprudence, "State legislation . . . *ipso facto* [is] exempt from the operation of the antitrust laws because [it is] an undoubted exercise of state sovereign authority." *N.C. State Bd. of Dental Exam'rs v. F.T.C.*, 135 S. Ct. 1101, 1110 (2015) (quoting *Hoover v. Ronwin*, 466 U.S. 558, 567-68 (1984)) (quotations omitted).

Veritext alleged and this Court found that anticompetitive injury resulted from Article 1434. But Article 1434, a law duly enacted by the Louisiana Legislature, is not subject to the Sherman Act. Veritext named the members of the Louisiana Board of Examiners of Certified Shorthand Reporters as defendants in this suit instead of the Louisiana Legislature, but the true source of the harm alleged in Veritext's antitrust claims is Article 1434—state legislation that is *ipso facto* immune from antitrust law. *Parker* demands that Veritext's Sherman Act claims be dismissed.

## III. Defendants Cannot be Held Liable Under the Sherman Act for Any Purported Anticompetitive Effect Created by Article 1434.

This Court correctly found that "in order to seek relief for anti-competitive conduct under the Sherman Act, the plaintiff must show both an injury and an 'antitrust injury'—i.e., the plaintiff

must show that 'the ***defendants'*** **activities caused an injury to competition**.'"  Order [Rec. Doc. 44] at p. 10 (citing *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F. 3d 314, 318-19 (5th Cir. 2009); *Doctor's Hosp. of Jefferson, Inc. v. Se. Med. Alliance*, 123 F. 3d 301, 307 (5th Cir. 1997)) (emphasis added).  The Order did not, however, sufficiently narrow what Veritext must prove going forward—that ***Defendants' activities*** caused an injury to competition under Veritext's Sherman Act claims.  The Order seemingly accepts as sufficient the following proposition: "Plaintiff alleges that ***Article 1434*** 'has had the anticompetitive effect . . . .'" *Id.*, at p. 12 (emphasis added).  To establish an essential element of its Sherman Act claims, however, Veritext must show that anticompetitive harm derived from ***Defendants' activities*** and not from the legal effect of Article 1434, a law constitutionally enacted by the Louisiana Legislature.

As currently drafted, the Court's Order would allow Veritext to state an antitrust claim by attributing the effects of Article 1434 to Defendants' actions.  Doing so would defeat the very nature and purpose of *Parker* immunity as it would allow litigants to prevent state personnel from upholding constitutional state laws.  That is, permitting Veritext to premise its antitrust claims on Article 1434 would enable it to circumvent *Parker* by seeking to impose liability on Defendants for the Legislature's actions in adopting Article 1434 when, under *Parker*, it could not assert those claims directly against the Legislature.  Veritext's Amended Complaint specifically asks for such an impermissible outcome when it seeks "a permanent injunction against the Board ***prohibiting it from taking any action to enforce Article 1434(A)(2)***."  *See* Am. Compl. p. 24, ¶ 2 (Prayer for Relief) (emphasis added).

The Court's Order should not create a path for Veritext to extra-legislatively abrogate constitutional laws by prohibiting state agencies from enforcing them; such an outcome would be in clear contravention of *Parker* immunity principles.  To sustain its Sherman Act claims, Veritext

must prove that any anticompetitive harm resulted from *Defendants' activities* and may not rely on Article 1434 as the source of the alleged harm. The Court should grant Defendants' Motion for Partial Reconsideration and revise its Order to dismiss Veritext's Sherman Act claims to the extent Veritext seeks to base these claims upon Article 1434 or the enforcement of Article 1434 and expressly limit Veritext's claim of anticompetitive harm, if any, to harm allegedly caused by Defendants' separate and independent actions.

## <u>CONCLUSION</u>

This Court's Order should not allow Veritext to maintain a Sherman Act claim based on any allegation that anticompetitive effects were caused by Article 1434. Allowing Veritext to proceed on such a broad basis might imply that it could enjoin *enforcement* of Article 1434 due to anticompetitive effects supposedly *caused by* Article 1434. Such an outcome would directly conflict with *Parker* and, indeed, is precisely the outcome the Supreme Court sought to avoid, when it held that the purpose of the Sherman Act was *not* "to restrain a state *or its officers or agents* from activities *directed* by its legislature." *Parker*, 317 U.S. at 350-51 (emphasis added). For the foregoing reasons and pursuant to Federal Rule of Civil Procedure 54(b), Defendants respectfully ask this Court to reconsider Defendants' Motion to Dismiss and to modify the Order, dismissing any portion of the Sherman Act claims that rely on Article 1434 to supply the element of anticompetitive harm and narrowing what Veritext must prove in the Amended Complaint to the alleged anticompetitive effects of Defendants' activities.

/ / /

/ / /

/ / /

8

Respectfully submitted,


  /s/ James M. Garner
JAMES M. GARNER (# 19589), T.A.
DAVID A. MARCELLO (# 09250)
JOSHUA S. FORCE (# 21975)
BRANDON W. KEAY (# 36528)
STEPHANIE E. HOLDEN (# 36500)
**SHER GARNER CAHILL RICHTER**
    **KLEIN & HILBERT, L.L.C.**
909 Poydras Street, 28th Floor
New Orleans, Louisiana  70112-1033
Telephone:     (504) 299-2100
Facsimile:     (504) 299-2300
E-Mail:        jgarner@shergarner.com
               dmarcello@shergarner.com
               jforce@shergarner.com
               bkeay@shergarner.com
               sholden@shergarner.com

– and –

JEFF LANDRY
ATTORNEY GENERAL

By:  J. ELLIOTT BAKER (# 18774)
     Special Assistant Attorney General

321 N. Vermont Street, Suite 208
Covington, Louisiana 70433
Telephone:     985-867-9068
Facsimile:     985-867-9069
E-Mail:        jebaker102@bellsouth.net

Attorneys for Defendants
PAUL A. BONIN, KIMYA H. HOLMES, LAURA
PUTNAM, JOHN H. ANDRESSEN, VINCENT P.
BORRELLO, JR., MILTON DONEGAN, JR.,
SUZETTE MAGEE, MAY F. DUNN, and
ELIZABETH C. METHVIN

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on May 4, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record who have registered to receive electronic service, and I effected service upon all other counsel of record via United States Mail, postage prepaid and properly addressed.

    /s/ James M. Garner
JAMES M. GARNER