## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**VERITEXT CORP.**                                    **CIVIL ACTION**

**VERSUS**                                            **NO. 16-13903**

**PAUL A. BONIN, ET AL.**                             **SECTION "B"(2)**

### ORDER AND REASONS

Before the court are Defendants' "Motion for Partial Reconsideration of Judgment on Motion to Dismiss Plaintiff's Amended Complaint for Declaratory Relief, Injunctive Relief, and Damages Under Federal Rule of Civil Procedure 12(B)(6)" (Rec. Doc. 48), "Veritext's Memorandum in Opposition to Motion for Reconsideration Filed by Defendants" (Rec. Doc. 54), "Reply Brief in Support of Defendants' Motion for Partial Reconsideration of Judgment on Motion to Dismiss" (Rec. Doc. 69), "Veritext's Sur-Reply Memorandum in Opposition to Defendants' Motion for Reconsideration" (Rec. Doc. 70) and "Veritext's Supplemental Memorandum in Opposition to Defendants' Motion for Reconsideration" (Rec. Doc. 72). For the reasons set forth below, **IT IS ORDERED** that the Defendants' Motion for Partial Reconsideration is **GRANTED.**

Upon further clarification of their argument, this Court agrees with the Defendants that the Motion for Reconsideration should be granted regarding Sherman Act claims. Those claims are no longer legally viable. Review here still shows that Plaintiff's

complaint alleges facts that could meet the prima facie case for a Sherman Act claim if the alleged actors were different. However, because the complaint alleges state actors who are directed by a state legislature, the claim fails as a matter of law. Notably, the previous Order and Reasons focused on the ability of the Plaintiff to state a prima facie case based on the facts alleged in the complaint. However, despite the Plaintiff's adequately alleged facts, the actors in the complaint do not fall under the purview of the Sherman Act. The Supreme Court has held that the Sherman Act was not designed to "restrain a state or its officers or agents from activities directed by its legislature." *Parker v. Brown*, 317 U.S. 341, 350-51 (1943); *See also*, *Xcaliber Int'l v. AG La.,* 612 F.3d 368, 378, (5th Cir. 2010). The Sherman act does not apply to the facts of this case as alleged. Moreover, the Plaintiff concedes this point and does not cite any authority that allows their claim to survive a motion to dismiss in any of their oppositions (Rec. Docs. 54, 70, 72).

New Orleans, Louisiana, this 28th day of July, 2017.

_____

SENIOR UNITED STATES DISTRICT JUDGE