**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **VERITEXT CORP.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-13903 C/W**<br>**17-9877**<br>**REF: 16-13903** |
| **PAUL A. BONIN, ET AL.** | **SECTION: "B"(2)** |

## ORDER

**IT IS ORDERED** that defendant LCRA's Motion to Dismiss is hereby **GRANTED**. Rec. Doc. 119. Plaintiff Esquire Deposition Solutions, LLC's ("Esquire") claims under the Sherman Antitrust Act against defendant LCRA were previously dismissed. Rec. Doc. 137, Case No. 16-13903. Plaintiff Veritext and defendant LCRA assert that Veritext's claims set forth in its Second Amended Complaint (Rec. Doc. 117, Case No. 16-13903) are substantially the same as the dismissed claims asserted by Esquire.[1] *See* Rec. Doc. 1, Case No. 17-9877.

Defendant LCRA states in its current motion to dismiss that the substance and verbiage of its argument in the current motion to dismiss (Rec. Doc. 119) "are identical to that contained in the

---

[1] "Veritext filed the Second Amended Complaint to conform to the allegations in *Veritext* with those in the *Esquire* litigation." See Veritext's Opposition Memorandum, Rec. Doc. 122 at 2. "The allegations [in Veritext's Second Amended Complaint] are identical to those made by Esquire Deposition Solutions, L.L.C. ("Esquire") in a lawsuit (the "Esquire suit") pending before this Court and with which this suit is consolidated for discovery purposes." Rec. Doc. 119 at 1." For the same reasons that led to dismissal of Esquire's Sherman Act claims, Veritext's claim in this instance should also be dismissed.

LCRA's Supplemental Memorandum in Support of its Motion to Dismiss." Rec. Doc. 119-1 at 2 (citing Rec. Doc. 95, Defendant LCRA's Supplemental Memorandum in Support of its Motion to Dismiss). Similarly, plaintiff Veritext's arguments in opposition are substantially identical to the arguments asserted by plaintiff Esquire in their opposition to defendant LCRA's motion to dismiss, and assert the same factual representations. *See* Rec. Doc. 122; *see also* Rec. Doc. 96). In example, plaintiff Vertitext states in its opposition:

> The LCRA argues that the allegations are insufficient to establish that Mr. Gilberti and the court reporter members of the Board undertook their actions on behalf of the LCRA. However, these individual defendants were no ordinary members of the LCRA. In making this argument, the LCRA quotes incomplete excerpts of Paragraphs 3, 4, 5, 6, 18, 19, 38, and 44, and 51 of the Second Amended Complaint and ignores the allegations in Paragraphs 20, 40, 52, and Exhibits 1-5. The LCRA, for example, fails to disclose to the Court that the Second Amended Complaint alleges that Mr. Gilberti was serving as 'an officer and director of the LCRA' and 'also the registered agent for the LCRA' when he spoke. *Id*. ¶ 20. Nor does the LCRA disclose that Mr. Gilberti 'served as the principal spokesperson for the LCRA at meetings of the Board' (*Id*.) or that the Second Amended Complaint alleges that Mr. Gilberti specifically announced that he was 'speaking on behalf of the LCRA.'

Rec. Doc. 122 at 11-12.[2] Both complaints asserted by each plaintiff, both motions to dismiss by LCRA, and both

---

[2] Plaintiff Vertitext's opposition contains several word-for-word recitations from plaintiff Esquire's opposition. *See* Rec. Doc. 96 at 12 ("LCRA argues that the allegations are insufficient to establish that Mr. Gilberti and the court reporter members of the Board undertook their actions on behalf of LCRA. However, these individual defendants were no ordinary members of LCRA. In making this argument, LCRA quotes incomplete excerpts of Paragraphs 3, 4,

2

oppositions from each plaintiff, factually and argumentatively parallel one another, and in some instances are identical. However, plaintiff Veritext's opposition does not contain any reference to claims for unconstitutional vagueness, as the Fifth Circuit affirmed this Court's decision to dismiss those claims in the Veritext litigation. *See Veritext Corp. v. Bonin*, 901 F.3d 287 (5th Cir. 2018)(affirming dismissal of plaintiff Veritext's constitutional claims against defendant CSR Board, and reversing the dismissal of Veritext's Sherman Act claim against CSR Board). The essence of instant claims involve a board member's public speeches and solicitations in open meetings of the board. Missing from the amended complaint are the types of concrete activities that defendant board would have to undertake to arise to the level of liability foreseen under the Sherman Antitrust Act. See e.g. *Regional Multiple Listing Service of Minnesota, Inc. v. American Home Realty Network, Inc,* 960 F.Supp. 2d 958, 977-981 (D. Minn. 2013); *Federal Prescription Service, Inc. v. American Pharmaceutical Association,* 663 F.2d 253, 265-68 (D.C. Cir.

---

5, 6. 18, 19, 38, and 44, and 51 of the Complaint and ignores the allegations in Paragraphs 20, 40, 52, and Exhibits 1-5. LCRA, for example, fails to disclose to the Court that the Complaint alleges that Mr. Gilberti was serving as 'an officer and director of the LCRA' and 'also the registered agent for the LCRA' when he spoke. *Id.* ¶ 20. Nor does LCRA disclose that Mr. Gilberti 'served as the principal spokesperson for the LCRA at meetings of the Board' (*id.*) or that the Complaint alleges that Mr. Gilberti specifically announced that he was 'speaking on behalf of the LCRA.'")

1981). Further, even assuming the LCRA lobbied the board to enforce state law, such conduct is protected under the *Noerr-Pennington* doctrine of immunity. See e.g. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 134 S.Ct. 1749, 1757, 188 L.Ed 2d 816 (2014); *Razorback Ready Mix Concrete Co., Inc. v. Weaver,* 761 F.2d 484, 487 (8th Cir. 1985) citing *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 511-16, 92 S.Ct. 609, 612-15, 30 L.Ed. 2d 642 (1973); *City of Columbia v. Omni Outdoor Adver., Inc.,* 499 U.S. 365, 383, 111 S.Ct. 1344, 1356 (1991).

Therefore, consistent with this Court's Order and Reasons dated September 26, 2019 at record document 137 and subsequent Order with reasons at record document 193, all claims by plaintiff Veritext against defendant LCRA, pursuant to the Sherman Antitrust Act, are hereby **DISMISSED**.

New Orleans, Louisiana this 2nd Day of March 2020

                                              _____
                                              SENIOR UNITED STATES DISTRICT JUDGE