UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VERITEXT CORP.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-13903 C/W**<br>**17-9877**<br>**REFERS TO: 17-9877** |
| **PAUL A. BONIN, ET AL.** | **SECTION: "B"(2)** |

### ORDER AND REASONS

IT IS **ORDERED** that defendant LCRA's opposed motion for Rule 54(b) certification (Rec. Doc. 153) is **DENIED**.

**FACTS AND PROCEDURAL HISTORY**

The Court is familiar with the facts of this case. Therefore, the factual basis for this Motion incorporates the prior factual findings from this Court's Order dismissing plaintiff's Sherman Antitrust Act and Constitutional Vagueness claims against defendant LCRA and dismissing plaintiff's Constitutional Vagueness claim against defendant Louisiana Board of Examiners of Certified Shorthand Reporters ("CSR Board"). Rec. Doc. 137 at 2-4.

In this Court's order (Rec. Doc. 137), plaintiff Esquire's Sherman Act and Constitutional Vagueness claim against defendant LCRA were dismissed for failure to state a claim. *See* Rec. Doc. 137. This Court subsequently entered a judgment dismissing all claims against LCRA in accordance with its Order and Reasons. Rec. Doc. 138. Defendant LCRA has filed the current Motion to certify this

1

Court's Judgment (the "Judgment") as final, pursuant to Federal Rule of Civil Procedure 54(b) ("FRCP 54(b)"). Rec. Doc. 153.[1]

**LAW AND ANALYSIS**

FRCP 54(b) provides in pertinent part:

> When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). The Eastern District of Louisiana has noted that requests for certification pursuant to FRCP 54(b) "should not be granted routinely." *Patterson v. Blue Offshore BV, et al.*, No. 13-337, 2016 WL 2348057, at *3 (E.D. La. May 4, 2016).

When determining whether to certify a judgment pursuant to FRCP 54(b), courts must make two determinations: (1) the court must determine whether "'it is dealing with a final judgment'"; and (2) whether there is a just reason for delay. *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enterprises, Inc.*, 170 F.3d 536, 539 (5th Cir. 1999). To determine whether there is a just reason for delay, the district court must weigh "'the inconvenience and costs of

---

[1] Plaintiff contends that certification is not warranted because it would be premature considering its pending motion for reconsideration (Rec. Doc. 145) and defendant LCRA's pending motion to dismiss in the Veritext litigation (Rec. Doc. 119). However, at the time plaintiff filed their opposition to defendant's Motion for certification, this Court had not ruled on plaintiff's motion for reconsideration or defendant LCRA's motion to dismiss. This Court has subsequently ruled on and denied plaintiff's motion for reconsideration (Rec. Doc. 193) and granted defendant LCRA's motion to dismiss for failure to state a claim (Rec. Doc. 210) in the Veritext litigation. Accordingly, the issues cited by plaintiff pertaining to prematurity are moot.

piecemeal review on the one hand and the danger of denying justice by delay on the other.'" *Rd. Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992)(citing *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950). Further, the Fifth Circuit has noted that "the policy underlying both the finality rule and the requirement of Rule 54(b) certification is to prohibit 'piecemeal' appeals . . ." *Id.* (citations omitted).

Defendant's assert that the Judgment is an ultimate disposition of fewer than all claims in this multi-claim action. Rec. Doc. 153-1 at 3. In this Court's Judgment, all of plaintiff's claims pursuant to the Sherman Antitrust Act and for Constitutional Vagueness of Louisiana Code of Civil Procedure Article 1434, against defendant LCRA, were dismissed for failure to state a claim. Rec. Doc. 137. Thus, defendant LCRA has been dismissed from the suit, and this Court's Judgment has met the initial requirement of being an ultimate disposition of an individual claim entered in the course of a multiple-claim action. *See DeMelo v. Woolsey Marine Indus., Inc.*, 677 F.2d 1030, 1031 (5th Cir. 1982)(stating that an Order disposing of all claims against a defendant "clearly had the requisite finality to be appealable under 28 U.S.C. § 1291, had the district court made a proper certification under Rule 54(b).").

Defendant further contends that there is no just reason for delay. Rec. Doc. 153-1 at 4. Defendant suggests that without Rule 54(b) certification of this issue for immediate appeal, defendant

3

will be prejudiced by being forced to remain a party to the litigation until final adjudication at trial. *Id*. Defendant further avers that it has incurred "considerable expense defending allegations that have been found legally insufficient on their face." *Id*. at 5.

Plaintiff counters that the LCRA has not advanced any viable reason why this Court should depart from the Fifth Circuit's stance on piecemeal litigation. Rec. Doc. 157 at 5. Specifically, plaintiff urges that premature certification of the Judgment could potentially result in multiple appellate reviews involving two different cases with "substantially identical legal and factual issues." *Id*. This Court agrees with plaintiff's contention that there is no hardship or burden that defendant has shown adequately entitles them to FRCP 54(b) certification.

In *Decraene v. United States*, the Eastern District of Louisiana held that a motion for certification pursuant to FRCP 54(b) was inappropriate where the claims involved "multiple overlapping facts." *Decraene v. United States*, No. 97-3190, 1999 WL 246708, at *4 (E.D. La. Apr. 26, 1999). In *Decraene*, the court adopted the findings of the Magistrate Judge, which dismissed with prejudice eleven out of sixteen causes of action set forth by plaintiff, the claims asserted against four defendants, and retained the remaining claims for further proceedings. *Id*. at *2. The court held, "[e]ven if some of the claims constitute final disposition of the claims and

4

parties . . . the interests of judicial economy outweigh plaintiff's desire to take the issues on appeal." *Id*. at *4. In support, the court further noted that, "[t]he claims involve[d] multiple overlapping facts" and that "the *Curtiss-Wright* court cautions against entry of a final judgment that would require an appeals court to familiarize itself with the same issue or facts more than once." *Id*. (citations omitted).

The facts and claims pertaining to the Judgment in question overlap with those of other similarly situated defendants in this matter and the *Veritext* litigation, namely the allegations of Sherman Antitrust Act violations against defendants CSR Board and its members. Specifically, those facts pertain to the alleged conspiracy to prohibit national court reporting firms, like the Veritext Corporation and Esquire, from competing and/or doing business within Louisiana.

Further, in the *Veritext* litigation, the Fifth Circuit recently heard an appeal regarding plaintiff Veritext's Sherman Antitrust Act claims against defendant the CSR Board, concerning similar, if not identical, facts as set forth in the instant dispute. *See Veritext Corp. v. Bonin*, 901 F.3d 287 (5th Cir. 2018)(affirming dismissal of plaintiff Veritext's constitutional claims against defendant CSR Board, and reversing the dismissal of Veritext's Sherman Act claim with against CSR Board). Subsequently, this court has recently issued an opinion denying the CSR defendants motion for partial summary

5

judgment. In addition, the financial hardships cited by defendant LCRA in monitoring the matter until resolution of all claims at trial do not outweigh the cost and inconvenience of a piecemeal review of this matter in the Fifth Circuit. Thus, defendant's motion for certification pursuant to FRCP 54(b) is inappropriate at this juncture.

    New Orleans, Louisiana this 10th Day of July 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE