## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**VERITEXT CORP., ET AL.**                              CIVIL ACTION

**VERSUS**                                              NO. 16-13903
                                                        C/W 17-9877
                                                        REF: ALL CASES

**PAUL A. BONIN, ET AL.**                               SECTION "B"(2)

### ORDER AND REASONS

Before the Court are defendants' Motion for Reconsideration of this Court's Order and Reasons [Rec. Docs. 237, 238] (Rec. Doc. 240), plaintiffs' Response in Opposition (Rec. Doc. 242), and defendants' Reply in Further Support of Motion for Reconsideration (Rec. Doc. 246).

For the reasons discussed below,

**IT IS ORDERED** that defendants' Motion for Reconsideration (Rec. Doc. 240) is **DENIED.**

## I.  FACTS AND PROCEDURAL HISTORY

On February 25, 2019, this Court consolidated plaintiff Esquire Deposition Solutions, LLC ("Esquire") and plaintiff Veritext Corporation's actions against defendants John J. Lee, Jr.,[1] Vincent P. Borrello, Jr., Milton Donegan, Jr., Suzette Magee, Kimya M. Holmes, John H. Anderssen, May F. Dunn, Elizabeth C. Methvin, and Laura Putnam. *See* Rec. Doc. 91. Veritext and Esquire

---

[1] On January 11, 2019, the Court granted plaintiffs' motion to substitute John J. Lee, Jr., in his official capacity as a member of the Louisiana Board of Examiners of Certified Shorthand Reporters, for Paul A. Bonin. Rec. Doc. 89.

are both Delaware corporations providing court-reporting services to clients across the United States, including in Louisiana. Rec. Docs. 1 at 5, 117 at 5. Both companies also utilize court reporting services in Louisiana. *Id.* Plaintiffs provide negotiated rates and discounts for court reporting services to frequent customers who agree to utilize plaintiffs' services for all or some of their court reporting needs. Rec. Doc. 117 at 8.

Defendants are current and former members of the Louisiana Board of Examiners of Certified Shorthand Reporters ("Board"), which is a regulatory body created "for the purpose of encouraging proficiency in the practice of shorthand reporting as a profession, promoting efficiency in court and general reporting, and . . . establishing a standard of competency for those persons engaged in it." LA. STAT. ANN. § 37:2551(A) (2021). The Board is authorized to enforce Louisiana Code of Civil Procedure Article 1434, the provision under scrutiny in this matter, which prohibits

> a person who has a contractual relationship with a party litigant to provide shorthand reporting or other court reporting services . . . [or] a person employed part or full time under contract or otherwise by a person who has a contractual relationship with a party litigant to provide shorthand reporting or other court reporting services.

LA. CODE CIV. PROC. ANN. art. 1434(A)(2) (2021); *see also* Rec. Doc. 117 at 6, 17.

In 2012, the Board began enforcing Article 1434 against all

court reporters who entered into volume-based discount contracts with party litigants. *Id.* at 13. Plaintiffs consequently brought Constitutional claims under the dormant Commerce Clause and the Fourteenth Amendment, as well as a claim under Section 1 of the Sherman Act, 15 U.S.C. § 1.  Rec. Docs. 1, 4. The Court dismissed plaintiffs' constitutional challenges, and subsequently dismissed the Sherman Act claim on reconsideration. *Veritext Corp. v. Bonin*, 259 F. Supp. 3d 484 (E.D. La. 2017), *on reconsideration*, 2017 WL 3279464 (E.D. La. Aug. 2, 2017). On appeal, the Fifth Circuit confirmed the dismissal of Veritext's Constitutional claims but reversed the dismissal of its Sherman Act claim because it found that "Veritext pled facts sufficient to support a finding that the Board's conduct does indeed restrain trade." *Veritext Corp. v. Bonin*, 901 F.3d 287, 292 (5th Cir. 2018). Additionally, the Court held that the Board members were not entitled to *Parker* immunity because the active supervision requirement of that doctrine was "not met." *Id.*; *see also Parker v. Brown*, 317 U.S. 341, 351 (1943).

Plaintiffs then filed a motion for partial summary judgment on the affirmative defenses of unclean hands, *in pari delicto*, indemnification, contribution, and allocation of fault. Rec. Docs. 229, 231, 234. The Court granted summary judgment for the affirmative defenses of unclean hands and allocation of fault and dismissed as moot the affirmative defenses of *in pari delicto*, indemnification, and contribution. Rec. Docs. 237, 238.

Defendants next filed this instant motion for reconsideration of plaintiffs' motion for summary judgment. Rec. Docs. 240, 242, 246.[2]

## II.   LAW AND ANALYSIS

### A. Motion for Reconsideration Standard

Federal Rule of Civil Procedure 54(b) provides the district court with "the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). The district court's discretion is broad when determining whether a motion for reconsideration has merit; however, "it is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Id.* (citing 18b Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 4478.1 (2d ed. 2002)). "The general practice of courts in the Eastern District of Louisiana has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment." *Hoffman v. Bailey*, No. 13-5153, 2015 WL 9315785, at *7 (E.D. La. Dec. 23, 2015).

---

[2] Shortly after their motion for reconsideration, defendants filed a motion to dismiss for lack of subject matter jurisdiction. Rec. Docs. 247, 250, 253.

A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Rule 59(e) serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Atchafalaya Basinkeeper v. Bostick*, 663 F. App'x 291, 294 (5th Cir. 2016) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Amending a judgment is appropriate under Rule 59(e): "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Berezowsky v. Ojeda*, 652 F. App'x 249, 251 (5th Cir. 2016) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)). Because Rule 59(e) has a "narrow purpose," the Fifth Circuit has observed that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Thus, a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Ferraro v.*

*Liberty Mut. Ins. Co.*, No. 13-4992, 2014 WL 5324987, at *1 (E.D. La. Oct. 17, 2014).

## B. The Court's Ruling on the Clean Hands Doctrine

Defendants argue that reconsideration of this Court's ruling on plaintiffs' motion for partial summary judgment (Rec. Docs. 237, 238) "is warranted to correct manifest error of law." Rec. Doc. 246 at 2. Defendants, however, fail to demonstrate any manifest error. In its Reasons at record document 238, this Court states:

> [C]ase law analyzing the Clean Hands Doctrine in antitrust cases, *supra*, scrutinized plaintiffs that also violated antitrust laws—not state statutes as the defendants allege in the current matter. Reason dictates that if this court finds that the statute in question violates the Sherman Act, the plaintiffs would not be coming to court with "unclean hands" for any violations of that statute. Therefore, defendants may not assert the Clean Hands Doctrine to bar plaintiffs from seeking injunctive relief or to limit the quantum of damages.

Rec. Doc. 238 at 13. Defendants contend that in this excerpt, the Court incorrectly suggests Article 1434, the Louisiana statute at issue in this case, can violate the Sherman Act. Rec. Doc. 240-1 at 3-4. According to defendants, this Court cannot find Article 1434 violates the Sherman Act and plaintiffs do not even assert this violation. *Id.* Defendants claims, nevertheless, are unavailing. In making this argument, defendants, merely seek to relitigate issues already decided by this Court and by the Fifth Circuit.

First, it is clear from this Court's Reasons at record document 238, that when the Court says "if this court finds that the statute in question violates the Sherman Act," the Court refers to plaintiffs' allegation that the Board members' enforcement of Article 1434 violates the Sherman Act. *See* Rec. Doc. 117 at 21-22. Thus, the Court does not suggest "plaintiffs have . . . requested that this Court find . . . article 1434 violates the Sherman Act," the court merely refers to plaintiffs' asserted claim. Rec. Doc. 240-1 at 1; *see also* Rec. Doc. 117 at 21-22.

Second, even if the Court misstated plaintiffs' allegation, this sentence fragment is not central to the Court's ruling on whether defendants may assert the Clean Hands Doctrine as an affirmative defense. The Court clearly states that "case law analyzing the Clean Hands Doctrine in antitrust cases, *supra*, scrutinized plaintiffs that also violated *antitrust laws*—not state statutes." Rec. Doc. 238 at 13. Here, defendants allege plaintiffs violated Article 1434, not antitrust laws. Consequently, defendants may not assert the Clean Hands Doctrine because case law dictates as so, not because the Court has made any mistake. *See* Rec. Doc. 238 at 12-13. There is no manifest error of law here.

Instead, defendants' true objective appears to be recasting a previously decided issue as an error of law in need of reconsideration. Throughout defendants' briefing, they repeatedly state Article 1434 is exempt from the Sherman Act as a matter of

law. *See* Rec. Docs. 240 at 2, 240-1 at 1, 4, 246 at 3-4. Defendants'
reasoning, however, mainly rests on cherry picked quotations from
case law. *See, e.g.*, Rec. Doc. 240-1 at 4. Even just a cursory
look at defendants' citations shows that when defendants claim
"state legislation . . . *ipso facto* is exempt from operation of
the antitrust laws," they draw from the doctrine of state action
or *Parker* immunity. But the Fifth Circuit already ruled that the
Board is not privy to *Parker* immunity and that plaintiffs "pled
facts sufficient to support a finding that the Board's conduct
does indeed restrain trade." *Veritext Corp. v. Bonin*, 901 F.3d
287, 292 (5th Cir. 2018). The Court will not allow defendants to
continue to dress the same argument up in different clothes. *See*
Rec. Doc. 235 at 10, 12-13. A motion for reconsideration is not
the proper vehicle for "a mere disagreement with a prior order."
*Ferraro*, 2014 WL 5324987, at *1.

Defendants next argument is also unconvincing. In the Reasons
at record document 238, this Court states:

> Defendants accuse plaintiffs of not citing a single case
> where private parties . . . sought to enjoin an arm of
> the state . . . implicat[ing] significant policy
> considerations," and plaintiffs' unclean hands render
> summary judgment inappropriate. *Id.* at 8. Likewise,
> defendants fail to cite a single case or address any
> public policy considerations.

Rec. Doc. 238 at 9. Defendants claim the Court errs in this
excerpt's second sentence. *See* Rec. Doc. 240-1 at 6. Defendants
assert that "[t]he public policy considerations underlying Article

1434 have already been recognized as legitimate state interests by this Court and the Fifth Circuit," and thus, defendants did not fail to address public policy considerations. *Id.* at 7. While courts have recognized the public policy considerations underlying Article 1434, the Court still finds no manifest error of law in its previous statement. *See* Rec. Doc. 238 at 9.

In defendants' opposition to plaintiffs' motion for partial summary judgment, they state:

> It is important to note that Plaintiffs have not cited a single case where private parties (like Plaintiffs) sought to enjoin an arm of the state (like the Board) from enforcing a constitutional state statute (like Article 1434). The circumstances presented here – seeking to enjoin state actors from enforcing a constitutional state law – implicate significant public policy considerations that Plaintiffs fail to address.

Rec. Doc. 231 at 8. Notably, there is no citation after this excerpt, as this Court's prior Reasons asserts, and defendants do not delve into any public policy considerations. *See* Rec. Doc. 238 at 9. It is irrelevant whether the Court has previously acknowledged that Article 1434 promotes legitimate state interests. Defendants did not describe any public policy considerations here, and thus, this Court did not err in stating that "defendants fail to cite a single case or address any public policy considerations." *See* Rec. Doc. 238 at 9.

**C. Request for Clarification**

In their motion for reconsideration, defendants also seek clarification as to whether they may "present evidence and argument at trial regarding violations of Article 1434 if such evidence and argument relate to causation, damages, or the merits of Plaintiffs' case." Rec. Doc. 240-1 at 8. Plaintiffs' motion for partial summary judgment sought, in part, to bar defendants from asserting a Clean Hands Doctrine defense to plaintiffs' damages and injunctive relief claims. In the Court's Order at record document 238, this Court ruled "defendants may not assert the Clean Hands Doctrine to bar plaintiffs from seeking injunctive relief or to limit the quantum of damages." Rec. Doc. 238 at 13.

Accordingly, whether defendants may present evidence and argument at trial regarding violations of Article 1434 was not a question before this Court in plaintiffs' motion for partial summary judgment. Rec. Doc. 229-4 at 5. *See Perma Life Mufflers v. Int'l Parts Corp.*, 392 U.S. 134, 140 (1968) (distinguishing between permitting evidence of plaintiff's potential wrongdoing for the purpose of computing damages and allowing a party to assert an equitable defense); *Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, Inc.*, 340 U.S. 211, 214 (1951) (finding that petitioners can "be held responsible" for any potential wrongdoing, but petitioner's potential illegal conduct does not permit respondents an absolute defense); *Pearl Brewing Co. v. Jos. Schlitz Brewing Co.*, 415 F. Supp. 1122, 1131 (S.D. Tex. 1976) (distinguishing between

defendant's ability to claim an absolute defense and defendant's ability to introduce evidence of plaintiff's alleged illegal conduct). The Court ruled that defendants cannot use the Clean Hands Doctrine as an absolute defense, but did not address whether defendants will separately be permitted to present evidence relating to plaintiffs' alleged violations of Article 1434. As the latter question was not before the Court in plaintiffs' motion for partial summary judgment, it need not be answered now in this instant motion for reconsideration.

New Orleans, Louisiana this 21st day of October, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE