```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

**VERITEXT CORP., ET AL.**                         CIVIL ACTION

**VERSUS**                                         NO. 16-13903
                                                   C/W 17-9877
                                                   REF: ALL CASES

**PAUL A. BONIN, ET AL.**                          SECTION "B"(2)

<u>ORDER AND REASONS</u>

Before the Court is defendants' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Rec. Docs. 247), plaintiffs' response in opposition (Rec. Doc. 250), and defendants' reply in further support of motion to dismiss (Rec. Doc. 253).

For the reasons discussed below,

**IT IS ORDERED** that defendants' motion to dismiss (Rec. Doc. 247) is **DENIED**.

**I.   FACTS AND PROCEDURAL HISTORY**

On February 25, 2019, this Court consolidated plaintiff Esquire Deposition Solutions, LLC ("Esquire") and plaintiff Veritext Corp.'s actions against defendants John J. Lee, Jr.,[1] Vincent P. Borrello, Jr., Milton Donegan, Jr., Suzette Magee, Kimya M. Holmes, John H. Anderssen, May F. Dunn, Elizabeth C. Methvin, and Laura Putnam. *See* Rec. Doc. 91. Veritext and Esquire are both

---

[1] On January 11, 2019, the Court granted plaintiffs' motion to substitute John J. Lee, Jr., in his official capacity as a member of the Louisiana Board of Examiners of Certified Shorthand Reporters, for Paul A. Bonin. Rec. Doc. 89.

1

Delaware corporations providing court-reporting services to clients across the United States, including in Louisiana. Rec. Docs. 1 at 5, 117 at 5. Both companies also consume court reporting services in Louisiana. *Id*. Plaintiffs provide negotiated rates and discounts for court reporting services to frequent customers who agree to utilize plaintiffs' services for all or some of their court reporting needs. Rec. Doc. 117 at 8.

Defendants are current and former members of the Louisiana Board of Examiners of Certified Shorthand Reporters ("Board"), which is a regulatory body created "for the purpose of encouraging proficiency in the practice of shorthand reporting as a profession, promoting efficiency in court and general reporting, and . . . establishing a standard of competency for those persons engaged in it." LA. STAT. ANN. § 37:2551(A) (2021). The Board is authorized to enforce Louisiana Code of Civil Procedure Article 1434, the provision under scrutiny in this matter, which prohibits

> a person who has a contractual relationship with a party litigant to provide shorthand reporting or other court reporting services . . . [or] a person employed part or full time under contract or otherwise by a person who has a contractual relationship with a party litigant to provide shorthand reporting or other court reporting services.

LA. CODE CIV. PROC. ANN. art. 1434(A)(2) (2021); *see also* Rec. Doc. 117 at 6, 17.

In 2012, the Board began enforcing Article 1434 against all

court reporters who entered into volume-based discount contracts with party litigants. *Id.* at 13. Plaintiffs consequently brought Constitutional claims under the dormant Commerce Clause and the Fourteenth Amendment, as well as a claim under Section 1 of the Sherman Act, 15 U.S.C. § 1. Rec. Docs. 1, 4. The Court dismissed plaintiffs' constitutional challenges, and subsequently dismissed the Sherman Act claim on reconsideration. *Veritext Corp. v. Bonin*, 259 F. Supp. 3d 484 (E.D. La. 2017), *on reconsideration*, 2017 WL 3279464 (E.D. La. Aug. 2, 2017). On appeal, the Fifth Circuit confirmed the dismissal of Veritext's Constitutional claims but reversed the dismissal of its Sherman Act claim because it found that "Veritext pled facts sufficient to support a finding that the Board's conduct does indeed restrain trade." *Veritext Corp. v. Bonin*, 901 F.3d 287, 292 (5th Cir. 2018). Additionally, the Court held that the Board members were not entitled to *Parker* immunity because the active supervision requirement of that doctrine was "not met." *Id.; see also Parker v. Brown*, 317 U.S. 341, 351 (1943).

Plaintiffs then filed a motion for partial summary judgment on the affirmative defenses of unclean hands, *in pari delicto*, indemnification, contribution, and allocation of fault. Rec. Docs. 229, 231, 234. The Court granted summary judgment for the affirmative defenses of unclean hands and allocation of fault and dismissed as moot the affirmative defenses of *in pari delicto*, indemnification, and contribution. Rec. Docs. 237, 238. Defendants

3

next filed a motion for reconsideration of plaintiffs' motion for summary judgment.[2] Rec. Docs. 240, 242, 246. Shortly after their motion for reconsideration, defendants filed this instant motion to dismiss for lack of subject matter jurisdiction. Rec. Docs. 247, 250, 253.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The court's "subject matter jurisdiction" defines its power to hear cases under statutory or constitutional authority. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998). "Sovereign immunity implicates subject matter jurisdiction." *Chapa v. U.S. Dep't of Just.*, 339 F.3d 388, 389 (5th Cir. 2003). "Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).

A party may raise an objection that the federal court lacks subject matter jurisdiction at any stage of litigation. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). But even without a challenge

---

[2] This Court denied defendants' motion for reconsideration on October 22, 2021. Rec. Doc. 262.

from any party, courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). When the court lacks subject matter jurisdiction, the court does not have the authority to hear and determine a particular matter and must dismiss the case. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (quoting Fed. R. Civ. P. 12(h)(3)).

### B. Eleventh Amendment Immunity Differs from State Action Immunity[3]

The Eleventh Amendment bars a private citizen from suing a state in federal court, unless the state consents to suit, Congress has abrogated the state's sovereign immunity, or the *Ex parte Young* exception applies. 209 U.S. 123 (1908); *Freedom from Religion Found. v. Abbott*, 955 F.3d 417, 424 (5th Cir. 2020). This protection from suit "extends to any state agency or entity deemed an alter ego or arm of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). A court considers many factors in determining whether a state agency is an "arm of the state," including:

> (1) whether the state, through statutes or case law, views the entity as an arm of the state; (2) the source of the entity's funding; (3) whether the entity is concerned with local or statewide problems; (4) the entity's degree of authority independent from the state; (5) whether the entity can sue and be sued in its own name; and (6) whether the entity has the right to hold and use property.

---

[3] State action immunity is also known as *Parker* immunity. *See Parker v. Brown*, 317 U.S. 341 (1943).

*Earles v. State Bd. of Certified Pub. Accts. of La.,* 139 F.3d 1033, 1037 (5th Cir. 1998).

In contrast, state action immunity derives from "statutory construction, legislative intent, and judicial deference to federalism," not the Eleventh Amendment. *Rodgers v. La. Bd. of Nursing*, 665 F. App'x 326, 329 (5th Cir. 2016) (citing *Cmty. Commmc'ns Co. v. City of Boulder, Colo.*, 455 U.S. 40, 53 (1982)). It was first recognized in *Parker v. Brown*, 317 U.S. 341 (1943). *See id.* at 1040. There, the court held that both state agencies and private individuals are exempt from activities that might otherwise violate federal antitrust law. *Id.* But the state cannot automatically invoke this immunity. *Id.* at 1040-41. Generally, two criteria must be satisfied: (1) "the challenged restraint must be one clearly articulated and affirmatively expressed as state policy to displace competition with state regulation" and (2) "the anticompetitive conduct must be actively supervised by the state itself." *La. Real Est. Appraisers Bd. v. U.S. Fed. Trade Comm'n*, 976 F.3d 597, 603 (5th Cir. 2020).

Accordingly, Eleventh Amendment immunity and state action immunity are two distinct protections that defendants may raise when sued. *See Earles*, 139 F.3d at 1036-44 (distinguishing between Eleventh Amendment Immunity and state action immunity when ruling). In the instant motion, defendants assert they are entitled

6

to Eleventh Amendment immunity. Rec. Doc. 247-1 at 2. But plaintiffs contend that the Fifth Circuit already ruled defendants are not immune from plaintiffs' claims. Rec. Doc. 250 at 2. Plaintiffs misunderstand that the Fifth Circuit only ruled on defendants' pursuit of state action immunity, not Eleventh Amendment immunity. *See Veritext Corp. v. Bonin, et al.*, 901 F.3d 287, 292 (5th Cir. 2018). In this prior proceeding, the Court ruled that plaintiffs were not entitled to *Parker* immunity because the active supervision requirement, prong two of the aforementioned test, was not met. *Id.* at 292. Because the Fifth Circuit only ruled on whether defendants were entitled to state action immunity, and this doctrine is distinct from Eleventh Amendment immunity, defendants are not barred from moving to dismiss on these new grounds.

### C. *Ex parte Young* Exception

Although the prior Fifth Circuit decision does not bar defendants from moving to dismiss based on Eleventh Amendment immunity, defendants are not necessarily entitled to that protection. The aforementioned exceptions to Eleventh Amendment immunity must be inapplicable. Defendants posit that none are relevant, and emphasize in particular that plaintiffs' injunctive relief claims do not fall within the *Ex parte Young* exception. Rec. Doc. 247-1 at 14. Under *Ex parte Young*, "a litigant may sue a state official in his official capacity if the suit seeks

7

prospective relief to redress an ongoing violation of federal law." *Williams on behalf of J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020). For this exception to apply, "three criteria must be satisfied: (1) A plaintiff must name individual state officials as defendants in their official capacities; (2) the plaintiff must allege an ongoing violation of federal law; and (3) the relief sought must be properly characterized as prospective." *Green Valley Special Util. Dist. v. City of Schertz, Tex.*, 969 F.3d 460, 471 (5th Cir. 2020) (citing *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)) (other citations omitted).

Here, plaintiffs satisfy each criterion of the *Ex Parte Young* exception. First, plaintiffs name defendants in their official capacity. *See* Rec. Doc. 247-1 at 1. Second, plaintiffs claim an ongoing violation of federal law. They assert that the Board members' enforcement of Louisiana Code of Civil Procedure Article 1434 violates the Sherman Act, 15 U.S.C. § 1. *See* Rec. Doc. 117 at 21-22. The Fifth Circuit even affirmed that "Veritext has alleged facts sufficient to make out a prima facie Sherman Act claim." *Veritext Corp.*, 901 F.3d at 292.

Defendants emphasize that the *Ex parte Young* exception cannot apply because the Fifth Circuit deemed Article 1434 constitutional. *See* Rec. Doc. 247-1 at 14-16. They maintain that the *Ex parte Young* exception only bars suit "when the plaintiff seeks to restrain enforcement" of an "unconstitutional" state law.

8

Rec. Doc. 247-1 at 14. But the exception is not limited to when a state law may violate the Federal Constitution. If a plaintiff alleges a state law violates a federal statute, then the *Ex parte Young* exception still applies. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984) ("[T]he rule permitting suits alleging conduct contrary to the supreme authority of the United States has survived.") (internal quotation marks omitted); *see also Air Evac EMS, Inc. v. Tex. Dep't Ins., Div. of Workers Comp.*, 851 F.3d 507, 520 (5th Cir. 2017) (applying the *Ex parte Young* exception when the plaintiff alleged a violation of the Americans with Disabilities Act (ADA)). Thus, even though the Fifth Circuit determined plaintiffs' constitutional claims lacked merit, its affirmation of plaintiffs' Sherman Act claim confirms plaintiffs right to seek relief for an ongoing violation of that Act.[4]

Lastly, plaintiffs seek injunctive relief, and thus, satisfy the third criterion of the *Ex parte Young* exception. *See* Rec. Doc. 117 at 21-22; *see also Verizon*, 535 U.S. at 645 (including injunctive relief as a form of prospective relief under the *Ex parte Young* exception). Defendants claim plaintiffs' requested relief "would be impossible to enforce." Rec. Doc. 247-1 at 22. A

---

[4] Defendants rely on *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997), to argue that plaintiffs' claims against state officials are the functional equivalent of a claim against the state, and thus, not privy to the *Ex parte Young* exception. Rec. Doc. 247-1 at 18-20. But the Fifth Circuit has "never before applied the holding of *Coeur d'Alene* in a context outside of the unique land rights challenge in that case." *Williams*, 954 F.3d at 739.

9

court, nevertheless, only conducts a "straightforward inquiry" in determining whether Eleventh Amendment immunity applies. *Verizon*, 535 U.S. at 645. After determining the requested relief is prospective, the Court need not consider "the scope of any eventual relief." *Air Evac EMS*, 851 F.3d at 520.

Upon satisfying the criteria for the *Ex parte Young* exception, plaintiffs may sue defendants in their official capacity for prospective relief and defendants are not entitled to Eleventh Amendment immunity.

New Orleans, Louisiana this 30th day of November, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE